UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO COLLINS,

Plaintiff,

v.

Case Number: 2:12-cv-14560
Honorable Sean F. Cox

SERGEANT CICHOWSKI, RN ZAMORA, M. SZAPPAN, JEANNIE STEPHENSON, ADW CHAPLIN, LLOYD RAPELJE, and JOHN DOES,

Defendants.
_____________________________________/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

## I. INTRODUCTION

This is a civil-rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Mario Collins is incarcerated by the Michigan Department of Corrections, currently housed at the Alger Correctional Facility in Munising, Michigan, where he is serving a life sentence for first-degree murder. He filed this *pro se* Civil-Rights Complaint on October 15, 2012. The allegations giving rise to this Complaint occurred while he was housed at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff names the following as Defendants: (1) Sergeant Cichowski, (2) RN Zamora, (3) M. Szappan, (4) Jeannie Stephenson, (5) ADW Chaplin, (6) Lloyd Rapelje, and (7) five John Does. He is requesting monetary damages and an injunction. For the reasons stated, the Court dismisses the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Court also concludes that an Appeal cannot be taken in good faith.

## II. FACTUAL ALLEGATIONS

In his Complaint, Plaintiff appears to claim that his right to confidential medical information was violated when Sergeant Cichowski contacted health care regarding his medications. Pl.'s Compl. 4, ECF No. 1. On August 31, 2010, Plaintiff alleges that he was given the wrong medication by Defendant Zamora. He states that he told her that it was not the correct medication, but she said it was okay because it was a generic brand. Shortly afterward, while in the visiting room, he started having a seizure and was taken to the hospital. There, he tested positive for antidepressants.

Once back, Sergeant Cichowski contacted health care about the incident and reviewed the records from the hospital. Plaintiff then was given a misconduct citation for substance abuse, for taking someone else's medication. The following sanctions were imposed: $8000 in restitution, twenty-day loss of privilege, and loss of visitation privileges. He filed a grievance and had a hearing; the grievance was denied on November 12, 2010. Petitioner filed this Complaint two years later.

## III. DISCUSSION

The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2) (B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable

basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton*, 504 U.S. at 33.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's Complaint is subject to summary dismissal. Construing the Complaint generously, Plaintiff's allegation that Defendant Cichowski inquired into his medical information arguably implicates his right to privacy under the Fourteenth Amendment.

The United States Court of Appeals for the Sixth Circuit recognizes a right to informational privacy under the Fourteenth Amendment, but unlike other circuits, "'[it] has developed and applied a different approach to assessing informational privacy claims' that 'requires that the asserted privacy interest implicate a fundamental right.'" *Lee v. City of Columbus*, 636 F.3d 245, 259 (6th Cir. 2011) (quoting *Lambert v. Hartman*, 517 F.3d 433, 442 (6th Cir. 2008)). The court has repeatedly rejected the notion that a person has a general constitutional right to non-disclosure of private information. *Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir. 2008) (citations omitted); *see*, e.g., *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 591 (6th Cir. 2008) (school's disclosure of information to Children Services not a violation of plaintiff's constitutional rights); *Barber v. Overton*, 496 F.3d 449, 455-57 (6th Cir. 2007) (release of guards' birth dates and social security numbers did not rise to constitutional level); *Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir.

2003) (dissemination of prisoner's mental health records to parole board was not a constitutional violation); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (disclosure of rape victim's medical records to an inmate did not violate her constitutional privacy rights); *J.P. v. DeSanti*, 653 F.2d 1080, 1091 (6th Cir. 1981) (constitutional rights not violated by dissemination of juvenile delinquents' social histories to various agencies); *Reeves v. Engelsgjerd*, No. 04-71411, 2005 WL 3534096, at *4 (E.D. Mich. Dec, 23, 2005) (doctor did not violate prisoner's constitutional rights by discussing his medical condition with non-medical staff and in front of other inmates).

A plaintiff alleging a violation of his right to informational privacy must demonstrate that "the interest at stake relates to 'those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty.'" *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998) (quoting *DeSanti*, 653 F.2d at 1090). Only after a fundamental right is identified should the court proceed to the next step of the analysis--the balancing of the government's interest in disseminating the information against the individual's interest in keeping the information private. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998). Applying those standards, the Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, *see Kallstrom*, 136 F.3d at 1061; and (2) where the information released was of a sexual, personal, and humiliating nature, *see Bloch*, 156 F.3d at 684; *see also Lambert*, 517 F.3d at 440 (same).

With respect to disclosure of medical information, the Sixth Circuit recently stated that it has "not yet confronted circumstances . . . that, in [its] view, are tantamount to a breach of a 'fundamental liberty interest' under the Constitution." *Lee*, 636 F.3d at 261. In *Lee*, the court considered a policy requiring city employees to disclose the nature of their illness after taking sick

leave. *Id.* at 248. The court upheld the policy, noting that it did not "implicate the preservation of life and personal security interests recognized in *Kallstrom*, or the interest in shielding sexuality and choices about sex, protected in *Bloch*." *Id.* at 261. Likewise, Plaintiff does not allege that the disclosure of his medical information subjected him to a risk of harm, as in *Kallstrom*, nor does he allege that the information disclosed was of a sexual or intimate nature, as in *Bloch*.

In a case involving prisoner medical information, the Sixth Circuit held that an inmate's constitutional right to privacy was not violated when a prison corrections officer learned from the inmate's medical records that he was HIV positive. *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994). *But see Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010) (distinguishing *Wigginton* and holding that an inmate had a constitutional privacy interest in guarding against disclosure of his HIV-positive status to other inmates, subject to legitimate penological interests). The Court finds that the holding in *Wigginton* applies with equal force to Plaintiff's case. Plaintiff complains he has suffered mental pain, but he fails to give reasons why Sergeant Cichowski's conduct, in reviewing his medical records from the hospital, had that impact.

As *Wigginton*, *Lee*, and the other cases cited, *supra*, demonstrate, the disclosure of Plaintiff's medical information (the drugs taken) does not rise to a constitutional dimension merely because he would prefer to keep that information private. To state a Fourteenth Amendment claim, he must allege facts indicating that Defendants' conduct implicated a fundamental right. Because the disclosure of Plaintiff's confidential medical information did not violate the federal constitution, he has failed to state a claim upon which § 1983 relief can be granted.

IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may granted under 42 U.S.C. § 1983. The Court therefore DISMISSES WITH PREJUDICE Plaintiff's Civil-Rights Complaint. Additionally, the Court concludes that an Appeal from this Order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (same).

Dated: December 10, 2012

S/ Sean F. Cox
Sean F. Cox
U. S. District Court Judge

I hereby certify that on December 10, 2012, the foregoing document was served upon counsel of record by electronic means and upon Marion Collins by First Class Mail at the address below:

Mario Collins #573748
Alger Maximum Correctional Facility
Industrial Park Drive
P.O. Box 600
Munising, MI 49862

Dated: December 10, 2012

S/ Jennifer McCoy
Case Manager